FILED
SUPERIOR COURT
OF GUAM

2019 DEC 26 AM 11: 10

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>   PLAINTIFF,<br>  v.<br><br>MARK C. CHARFAUROS,<br><br>   DEFENDANT. | CRIMINAL CASE NO. CM0387-17<br><br>DECISION & ORDER RE: MOTION TO DISMISS FOR DOUBLE JEOPARDY |

## Introduction

On August 29, 2019, Defendant Mark C. Charfauros ("Defendant"), through his attorney F. Randall Cunliffe, Esq., of the Law Offices of Cunliffe and Cook, filed a Motion to Dismiss for Double Jeopardy. The People of Guam, represented by Assistant Attorney General Peter J. Santos, filed an Opposition to the Motion and the matter was heard before the Honorable Maria T. Cenzon on September 25, 2019. At the conclusion of the hearing, the Court took the matter Under Advisement pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam. Having reviewed the record, the relevant law, and considering the parties' arguments at the hearing on the motion, the Court now issues this DECISION and ORDER.

## Background

Defendant is charged with Obstructing Governmental Function (As a Misdemeanor), Official Misconduct (As a Misdemeanor), and Official Misconduct (As a Misdemeanor).

Amended Complaint (Sep. 8, 2017). Jury trial of the matter commenced on November 7, 2018. Minute Entry (Nov. 7, 2018). During the direct examination of the People's first witness, the Prosecutor elicited testimony attempting to make a connection between the Defendant and the Agat Blood Town Gang ("ABT"). *Id.* Defendant raised multiple objections to this testimony, asserting that it was more prejudicial than probative, and if it had any probative value, was subject to scrutiny under Guam Rules of Evidence 404(b) and, therefore, it is inadmissible. *Id.* At the time of trial, Defendant moved for a mistrial, claiming that the People were intentionally trying to slander Defendant. *Id.*

On December 17, 2018, the Court issued its *Decision and Order Granting Defendant's Mot. for a Mistrial* (Dec. 17, 2018), finding that the People did not properly elicit the testimony of the witness with respect to Defendant's alleged affiliation with the ABT Gang and failed to comply with the mandates of Rule 404(b) of the Guam Rules of Evidence, resulting in an incurable prejudice to the Defendant. *Id.* Based upon the prejudice to the Defendant which resulted from the People's failure to comply with a basic and fundamental rule of evidence, the Court declared a mistrial. *Id.* The subsequent jury trial of this matter was scheduled to commence on October 14, 2019, but was vacated during the pendency of the instant Motion.

In this Motion to Dismiss, Defendant acknowledges that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution does not apply generally when a mistrial is declared upon Defendant's motion. *Id.* at 4. However, Defendant proffers that, due to the blatant and intentional introduction of inadmissible character evidence at the trial, the People acted in bad faith during trial. *Id.* at 6-8. Specifically, the Defendant argues that People did not file a Notice of 404(b) evidence indicating an intent to introduce the defendant's purported propensity to engage in criminal behavior and, because this failure was intentional, Double

Jeopardy must apply to bar a retrial. *Id*. at 7-8. In support of his motion, Defendant cites to numerous cases from several jurisdictions which apply the protections of the Double Jeopardy Clause in similar situations. *Id*. at 5; *see Commonwealth v. Daidone*, 453 Pa.Supp. 550, 684 A.2d, 179 (1996); *People v. Cavallerio*, 428 NY S.2d 585 (Sup. 1980); *People v. Pendleton*, 394 NE.2d 496 (1st Dist., II. 1979); *Commonwealth v. Miatu*, 432 A.2d 198 (Penn. 1981); *Pool v. Superior Court*, 677 P.2d 261 (Ariz., 1984).

In its Opposition, the People argue that Guam has adopted the United States Supreme Court's established standard on Double Jeopardy and assert that the sole question before the Court is whether the People intentionally induced Defendant to file the motion for a mistrial. People's Opp. to Deft Mot. to Dismiss for Double Jeopardy at 2 (Sep. 11, 2019). If the Court finds this to be the case, Double Jeopardy would apply, and the People would be foreclosed from retrying this case. *Id*. The People assert that, because they did not *intentionally* trigger the Defendant to file a motion for a mistrial, Double Jeopardy does not apply. *Id* at 3-4.

## Law and Authorities

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution prohibits more than one prosecution for the same offense. *Oregon v. Kennedy*, 456 U.S. 667, 671 (1982) (citing *United States v. Dinitz*, 424 U.S. 600, 606 (1976)). When a trial is terminated over the Defendant's objection, "the classical test for lifting the double jeopardy clause bar to a second trial is the 'manifest necessity' standard." 456 U.S. at 672 (citing *United States v. Perez*, 9 Wheat. 579, 580, 6 F.Ed. 165 (1824). However, different principles apply when a mistrial declared at the request of the Defendant and the "manifest necessity" standard is inapplicable. *Id*. at 673. Generally, a mistrial declared on the Defendant's motion is not a bar to retrial; however, even where the defendant moves for a mistrial, there is a narrow exception which the United

States Supreme Court has adopted, *Id.,* and which the Guam Supreme Court has acknowledged.

In *People v. Pablo,* 2016 Guam 29, the Guam Supreme Court confirmed the U.S. Supreme Court's protections against prosecutorial misconduct resulting in a mistrial finding that "[w]here a mistrial arose from prosecutorial … actions done 'in order to goad the [defendant] into requesting a mistrial,' the general rule does not apply." *Pablo* at ¶ 25 (citing *Kennedy, Id.*) (quoting *US v. Dinitz,* 424 U.S. 600 (1976)). In this limited circumstance, the protections afforded a defendant under the Double Jeopardy Clause would bar the People from bringing a new trial under circumstances which would provide a more favorable opportunity to convict him. *Dinitz* at p. 611.

> The Double Jeopardy Clause does not protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrials where "bad-faith conduct by judge or prosecutor [citation omitted] threatens the '(h)arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict' the defendant. *Id.* (Numerous citations omitted).

In *People v. Pablo* the People proposed, and the Court allowed over the objection of defense counsel, the choice of "unable to decide" to be included in verdict forms provided to the jury.[1] The ambiguous clause allowed the jury to indicate that it was unsure whether the defendant in that case was guilty or not guilty and the jury invoked this choice for Count One against the Defendant. *Id.* The Court declared a mistrial on Count One, and the People indicated its intention to retry the count. *Id.* ¶ 8. Pablo filed a motion to dismiss based on Double Jeopardy grounds arguing that the inclusion of the "unable to decide" language was tantamount to prosecutorial

---

[1] The verdict form submitted to the jury included the following instructions: "If you are unable to decide whether the Defendant is guilty or not guilty of this charge, your foreperson will sign and date this form below." *Id.* ¶ 4.

and judicial misconduct as the language "was contrary to and called into question the duty of the jurors to deliberate in an effort to reach a verdict of not guilty or guilty." *Id.* ¶ 9.

On appeal, the Guam Supreme Court rejected Defendant's assertion that Double Jeopardy applied to bar a retrial, stating that the "relevant inquiry is whether the conduct giving rise to the mistrial ... was *intended to provoke* a mistrial." *Id.* ¶ 28. In denying Defendant's appeal to reverse his conviction on Double Jeopardy grounds, the Guam Supreme Court rejected Pablo's argument that including the "unable to decide" language amounted to impropriety on the part of the trial court and the prosecutor "as it was intended to and did provoke a mistrial." *Id.* ¶ 21, 28. The Guam Court agreed that the inclusion of such language was clearly intentional, but it was not clear that the reason that the trial court permitted its inclusion over objection was for the purpose of provoking a mistrial. *Id.* ¶ 28. The High Court reasoned that there was no evidence that the trial court intended for a mistrial to occur by including the language, finding as follows:

> It appears the court believed that the jury instruction regarding the requirement of a unanimous decision would negate any potential suggestiveness of the "unable to decide" language in the verdict form. Putting aside the questionable wisdom of that decision, we are hard–pressed to find that behind the trial court's decision to include the language was its intent to provoke a mistrial. The record, although a cold one, lacks any suggestion that either the trial court or the prosecutor intended to provoke a mistrial by keeping in the "unable to decide" language.

*Id.* ¶ 29 (footnotes omitted).

Following the precedent set in *Pablo* which articulated and adopted the U.S. Supreme Court's rationale in *Kennedy*, this Court's only question is whether, based on the *objective* conduct of the People during the first trial, they intended to induce a mistrial through Defendant's motion. As the *Kennedy* concurrence pointed out, looking at the subjective or stated intent of the People is not dispositive, nor the most relevant, in determining whether the

government intended to goad a defendant into seeking a mistrial. Subjective intent is, as Justice Powell asserts, hard to discern. This Court must, therefore, look at the record from the first trial, analyze the People's conduct, and discern whether their conduct intentionally triggered a motion for mistrial from Defendant.

The facts of this matter differ from the facts in *Pablo* with regard to one important detail – the previous finding by this Court on the record that the People failed to comply with a fundamental and basic rule of evidence requiring the People to provide reasonable notice of its intent to use "prior bad acts" as defined in GRE 404(b) at the trial in the manner as required under the rule. Indeed, after discussions held in chambers and at side bar with counsels for the parties, including repeated warnings to the prosecution, questions elicited from the People's first witness included the declaration that the Defendant had connections with the ABT Gang. Thus, unlike the decision of the trial judge in *Pablo* to include language in a verdict form over the objection of counsel, it is incontrovertible to the Court that eliciting the testimony at the trial of Defendant Charfaros was made intentionally and with the purpose of goading defense counsel to object to the testimony, request the court strike the statement from the record and, ultimately, seek a mistrial.[2]

The facts of this case are similar to that in the *Kennedy* case on which the *Pablo* court relied. In *Kennedy*, a single question by the Prosecutor asking his testifying witness whether the defendant was "a crook" triggered the mistrial. Here, the People's insistence on introducing evidence of Defendant's connection to the ABT through the testimony of Police Officer Craig P. Calvo, despite failing to comply with Rule 404(b) and multiple admonishments from this Court,

_____

[2] The Court hereby incorporates by reference its findings as set forth in its Decision and Order Granting Def.'s Mot. for A Mistrial (Dec. 17, 2018).

triggered the mistrial.[3] Thus, the Court applies the factors articulated in *Kennedy* in determining the objective intent of the prosecutor in eliciting the improper testimony.

Applying these factors, the Court finds that the Prosecutor knew that his conduct during the direct examination of the witness (given the Court's admonition against eliciting improper bad act evidence immediately preceding the examination) would cause Defendant to move for a mistrial, yet he proceeded to inquire into the reason why the witness avoided the Defendant. While the mistrial in *Kennedy* was triggered by only a single question, here the conduct was far more egregious, because previous discussions between the Court and the counsels cautioned the People about eliciting any gang affiliation. Yet, during the questioning of Officer Calvo, who happened to be the People's first witness, the prosecutor almost immediately launched into questions clearly intended for the sole purpose of connecting the Defendant to the ABT – which was contrary to the Court's admonitions to the People.

In granting Defendant's motion for a mistrial, the Court rejected all arguments made by the People. This Court finds that the inconsistent statements made by the People regarding their attempt to introduce what this Court has already found to be clearly impermissible character

---

[3]As discussed in the Decision and Order Granting Defendant's Motion for a Mistrial, the Court discussed the prosecutor's direct examination of Officer Calvo, and it is evident to the Court that the Prosecutor continued to ask questions regarding whether the witness was afraid of the Defendant until he was satisfied with the answer which was clearly intended to cause Defendant to lodge an objection (Digital recording of Jury Trial on Nov. 7, 2018 at 11:19:02 to 11:22:23):

Santos:   Defense Counsel asked you, whether or not you spoke to the Colonel when you arrived, and you did not. Did you purposefully avoid speaking to him?
Calvo:    Yes, I did…when I was informed he was at the scene, I did.
Santos:   Why would you purposefully avoid him?
Calvo:    During my time in Agat precinct
Cunliffe: Your honor, may we approach. [sidebar]
Court:    Objection overruled
Santos:   I'll just repeat the question…. Why would did you purposefully avoid speaking to Colonel Charfauros?
Calvo:    One is because, it is very unusual for the Colonel to show up to the scene of an investigation and two is that during my time at Agat precinct, I was informed by officers…
Cunliffe: I'll object to that as being hearsay, your honor.
Court:    Sustained. [To prosecution] Unless you have an exception?
Santos:   Were you afraid of the colonel?
Calvo:    Afraid of the colonel? No sir, I was not afraid of the colonel.
Santos:   But you avoided him, there has to be a reason why you avoided him.
Cunliffe: The answer is that it is unusual for him to show up, your honor.
Court:    Overruled, you may answer the question.
Calvo:    Second reason is because I had reason to believe that the Colonel was affiliated with the Agat Blood Town Gang.

evidence. Further, the Court finds that the People attempted to circumvent the Court's admonitions against introducing evidence of gang affiliation at least two separate times on record. Finally, the Court finds that the People's refusal to file the requisite notice of intent to introduce 404(b) lends to its finding that the People actually intended to use such evidence for an impermissible purpose at trial. The People's actions go much farther than a "single question" as pondered by Justice Powell in rendering the Opinion in *Kennedy*, and constitute a sequence of intentional overreaching.

In *Kennedy*, Justice Powell considered the surprise by the prosecutor to lend itself to intentional conduct supporting the mistrial. Here, the Court acknowledges that the People on record objected to the motion for mistrial, calling it premature. The Court also, however, notes the People's refusal to stray away from introduction from gang affiliation despite failing to file a notice with Defendant or the Court and despite this Court's order on previous objections on the record. Thus, the Court cannot believe that the People were "surprised" at Defendant's motion for mistrial based on the People's intentional conduct. Further, as stated earlier, the stated intent of the People is not dispositive in determining the objective intent behind the People's conduct.

Finally, Justice Powell noted that the trial court in *Kennedy* held, with no objection from either party, that there was no intention to cause a mistrial. This is a similar situation as in *Pablo*, where the Court accepted the proposed jury instruction in question. But here, it is the factor clearly distinguishing *Pablo* and *Kennedy*. In the case at bar, this Court clearly expressed a disapproval of the People's conduct and, indeed, admonished such conduct on the record. The Court sustained Defendant's objection to the introduction of gang affiliation testimony, and ultimately granted a mistrial based on the introduction of such evidence. The Court further expressed frustration with the People for not complying with the notice requirements of Rule

404(b) evidence. The People's conduct during the course of the trial with regard to how to treat information about any possible gang affiliation explaining the Defendant's motive precluded this Court from making a decision on its admissibility well in advance of trial; and as a result, denied the Defendant his due process right to prepare adequately for trial.

The Court was not previously asked to consider, nor did it consider, whether the prosecution's conduct during trial was intended to goad the defense into seeking a mistrial. However, applying the Guam Supreme Court's reasoning in *Pablo* and following the U.S. Supreme Court's rationale in *Kennedy,* this Court finds that the People's conduct at trial in eliciting the testimony regarding Defendant's purported affiliation with the ABT Gang was clearly intended to cause the Defendant to seek a mistrial.

## Conclusion

For the reasons stated above, this Court finds that, under the circumstances, the Prosecutor's conduct at trial was intended to "goad" the Defendant into seeking a mistrial. Further, the Court finds that this was done in order for the prosecution to seek a more favorable opportunity to prosecute the Defendant. Having failed to comply with Rule 404(b) requirements, the People knew that the Defendant's due process rights were effectively denied and that a conviction under the circumstances could be the sound basis for a reversal of any conviction. For these reasons, the Court finds that, under the very special circumstances of this case and the conduct of the Prosecutor in ignoring the admonitions of the Court not to elicit gang affiliation testimony, the narrow exception to the *Kennedy* Rule for Double Jeopardy applies and the People are barred from retrying this matter.

For the foregoing reasons, the Defendant's Motion to Dismiss for Double Jeopardy is **GRANTED**. The above matter against Defendant is hereby **DISMISSED WITH PREJUDICE**.

The Court shall, under separate issuance, order the expungement of this matter as consistent with and required under the provisions of Guam law.

**SO ORDERED** this ___DEC 2 6 2019___ .

_____

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

_Abi Cunliffe_

Date: 12/26/19 Time: 11:10

Deputy Clerk, Superior Court of Guam